IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

NORTH STAR MUTUAL INSURANCE
COMPANY, a/s/o OLD TOWN SQUARE
LLC,

     Plaintiff,

     vs.

RAM ROOFING, LLC,

     Third-Party Plaintiff,

     vs.

NDG CONTRACTOR, LLC

     Third-Party Defendant.

**8:24CV232**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff North Star Mutual Insurance Company's ("North Star") Motion for Default Judgment against defaulted Third-Party Defendant, NDG Contractor, LLC ("NDG"), Filing No. 55, and Third-Party Plaintiff Ram Roofing, LLC's ("Ram Roofing") Motion for Default Judgment against NDG, Filing No. 60. For the reasons stated herein, default judgment is granted to North Star but denied to Ram Roofing.

**A. Background**

North Star, a Minnesota corporation, issued a policy of insurance as subrogee only to Old Town Square, LLC ("Old Town"), which provided insurance coverage for two commercial properties located in Seward, Nebraska. Filing No. 1 at 1. Ram Roofing, an Iowa corporation, is a roofing company that was hired by North Star to remove and replace the roofs of the insured commercial properties, who in turn subcontracted with

1

NDG, a contractor based in Omaha, Nebraska, to perform the work. *Id*. at 2. On or about December 7, 2022, while NDG was completing the removal and replacement of the roof with a propane hand torch, a spark ignited the insulation of the roof, causing a fire and resulting in significant damage to the commercial buildings. *Id*. North Star paid Old Town $88,583.60 under the insurance policies it had issued, and Old Town also incurred a $2,500 deductible. *Id*.

North Star filed a complaint against Ram Roofing as subrogee of Old Town alleging breach of contract and negligence. Filing No. 1 at 3. North Star alleged in its answer that Ram Roofing verbally contracted with NDG without its knowledge or consent. *Id*. at 2. Ram Roofing filed an answer and a third-party complaint against NDG alleging indemnification and contribution from NDG. Filing No. 12 at 7–8. Thereafter, North Star asserted third-party claims against NDG pursuant to Fed. R. Civ. P. 14(a)(3) alleging breach of contract and negligence. Filing No. 20. Several summonses were issued and various attempts at service were made before NDG eventually was served with summons. *See* Filing No. 24 (summons executed September 23, 2024, on behalf of North Star); Filing No. 34 (summons executed on November 20, 2024, on behalf of Ram Roofing).

NDG did not answer or otherwise respond to the third-party complaint. Subsequently, Ram Roofing filed a motion for default, Filing No. 35, for which they were granted a clerk's entry of default on January 3, 2026. Filing No. 36. North Star filed its motion for default on January 23, 2026, Filing No. 39, for which the entry of default by the Clerk on the same day. Filing No. 40.

On January 20, 2026, North Star and Ram Roofing filed a joint motion to dismiss claims against Ram Roofing based on its agreement to pay North Star one half of the

2

damages incurred as a result of the fire, $45,541.80.  Filing No. 58 at 2.  It did not include a copy of the settlement agreement or release.  The Court approved the joint motion and ordered that all claims against Ram were dismissed.  Filing No. 59.  Ram Roofing and North Star have now filed motions for default judgment against NDG.  Filing No. 55; Filing No. 60.

**B.  Standard of Review**

Under the Federal Rules of Civil Procedure, the entry of a default judgment against a party is committed to the "sound discretion of the trial court." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015).  It is "appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010).  "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true . . .." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).  It is, however, "incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." *Marshall*, 616 F.3d at 852–53; quoting *Murray*, 595 F.3d at 871.

A federal district court sitting in diversity jurisdiction applies the substantive law of the forum state which, in this case, is Nebraska. *Aragon v. Wal-Mart Stores E., LP*, 735 F.3d 807, 809 (8th Cir. 2013).  Moreover, "a default judgment cannot be entered until the amount of damages has been ascertained." *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000).  A party entitled to a default judgment must prove its damages to a reasonable degree of certainty. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 819 (8th Cir. 2001).

### C. Analysis

### 1. North Star's Motion for Default Judgment

With regard to North Star's claim, the Court finds the unchallenged facts constitute a legitimate cause of action for negligence against NDG.[1]

Under Nebraska law, a plaintiff asserting a claim of negligence must prove "legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and damages." *Packard v. Darveau*, 759 F.3d 897, 900 (8th Cir. 2014), quoting *A.W. v. Lancaster Cnty. Sch. Dist. 0001*, 784 N.W.2d 907, 913 (Neb. 2010).

> [A]n actor ordinarily has a duty to exercise reasonable care when the actor's conduct creates a risk of physical harm. As a general proposition, in negligence cases, the duty is always the same—to conform to the legal standard of reasonable conduct in light of the apparent risk.

*Packard*, 759 F.3d at 900 (internal citations omitted).

Here, the unchallenged facts in North Star's complaint state a legitimate cause of action for negligence because it alleges that NDG had a duty to exercise reasonable care when replacing/removing the roof; that NDG breached that duty; that said, breach caused a fire which resulted in damage to the building.

With respect to the damages, North Star has submitted proof of damages in the amount of $88,583.60. North Star also indicates that Old Town paid $2,500 for a deductible, resulting in $91,083.60 in damages. North Star and Ram Roofing have stipulated that Ram Roofing has paid one-half of the damages; $45,841.80 as settlement of their claims. Filing No. 58 at 2. Neither party has provided a copy of the settlement

---

[1] North Star also pled a cause of action for breach of contract. The Court is not entirely convinced that North Star can show a legitimate cause of action for breach of contract due to the lack of a written contract in the record. However, because North Star is entitled to default on the negligence claim and the breach of contract was merely an alternative theory of recovery, it is unnecessary for the Court to rule on the breach of contract cause of action.

4

agreement as evidence in this matter.  However, the Court is satisfied that North Star has shown the damage amount of $91,083.60 to a reasonable degree of certainty.  The Court further finds this amount to be reasonable.  This is especially true because North Star is only asking for the one-half that it didn't receive through the settlement with Ram Roofing. With the offset from the payment by Defendant Ram Roofing, North Star is entitled to $45,341.30 from NDG in order to make it whole.

North Star also seeks prejudgment interest.  That request is denied.  In Nebraska, prejudgment interest is set by statute.  The Nebraska Supreme Court has instructed that the state legislature

> [H]as created three separate ways to recover prejudgment interest, and none is preferred.  Section 45-103.02(1) authorizes the recovery of prejudgment interest on unliquidated claims when the statutory preconditions are met, § 45-103.02(2) authorizes the recovery of prejudgment interest on liquidated claims, and § 45-104 authorizes the recovery of prejudgment interest on four categories of contract-based claims without regard to whether the claim is liquidated or unliquidated.

*Weyh v. Gottsch*, 929 N.W.2d 40, 63 (Neb. 2019).  North Star has not identified under which theory of recovery prejudgment interest is being sought.

Regarding any unliquidated claims under § 45-103.02(1), this subsection does not apply. There is no evidence that there was an offer of settlement with NDG, which is one of the statutory preconditions.

With regard to a claim for prejudgment interest under § 45-103.02(2), the claim must be liquidated.  "For a claim to be liquidated, a dispute must not exist either to the amount due or to the plaintiff's right to recover." *Echo Grp., Inc. v. Tradesmen Int'l*, 980 N.W.2d 869, 884 (Neb. 2022).  "Generally, prejudgment interest accrues on the unpaid balance of liquidated claims *arising from an instrument in writing* from the date the cause

5

of action arose until the entry of judgment, pursuant to Neb. Rev. Stat. §§ 45-103.02(2) and 45-104 (Reissue 2004)." *Eikmeier v. City of Omaha*, 783 N.W.2d 795, 799 (Neb. 2010) (emphasis added).  The Court finds these claims were not liquidated because there was no written instrument from which they arose; the contract between Ram Roofing and NDG was oral.

Section 45-104 identifies four contract-based claims under which prejudgment interest is allowed.  *Weyh*, 929 N.W.2d at 62.  None of those apply to North Star's claim against NDG because there is no evidence of a contractual agreement.  Indeed, in North Star's Complaint, it alleges that Ram Roofing verbally subcontracted with NGD without its knowledge or consent.  Filing No. 1 at 2.

For these reasons, North Star's request for prejudgment interest is denied.

North Star also requests its attorney fees and costs.  "In a diversity case, state law generally governs the question whether there is a right to attorney's fees." *Ferrell v. W. Bend Mut. Ins. Co.*, 393 F.3d 786, 796 (8th Cir. 2005).  Nebraska follows the "American Rule" that attorney fees may be recovered only when authorized by statute or when a recognized and accepted uniform course of procedure allows recovery of an attorney fee. *Hage v. Gen. Serv. Bureau*, 306 F. Supp. 2d 883, 888 (D. Neb. 2003), citing *Sid Dillon Chevrolet-Oldsmobile-Pontiac, Inc. v. Sullivan*, 559 N.W.2d 740, 748 (Neb. 1997).

No such provision exists regarding negligence actions in Nebraska, therefore, North Star's request for attorney fees and costs is denied.

### 2. Ram Roofing's Motion for Default

More complicated are Ram Roofing's claims of indemnification and contribution against NDG.  Ram Roofing claims indemnification and contribution from NDG as a

subcontractor alleging NDG's negligence was the apparent proximate cause of damage to the property.

"Under Nebraska law, indemnification is available when one party is compelled to pay money which in justice another ought to pay or has agreed to pay." *Downey v. W. Cmty. Coll. Area*, 808 N.W.2d 839, 854 (Neb. 2012) (citing *Kuhn v. Wells Fargo Bank of Nebraska, N.A.*, 771 N.W.2d 103 (Neb. 2009)).

> Indemnity may occur when an active or primary tort-feasor is held liable for injuries proximately caused by the passive negligence of a joint tort-feasor. But indemnity may also occur when a party expressly contracts for it.

*Kuhn*, 771 N.W.2d at 119.

There is no written contract and in equity a person can recover indemnity only if he extinguishes the liability of the indemnitor, either by judgment or settlement.  This is true "because liability for indemnity exists only when the party seeking indemnity . . . is free of fault and has discharged a debt that should be paid wholly by the indemnitor." *Downey*, 808 N.W.2d at 854.  Ram Roofing did not extinguish the entire debt.

A party seeking contribution must have extinguished the liability of the joint tort-feasor from whom contribution is sought.  Ram Roofing took no action to extinguish NDG's liability prior to settling the claims.  The settlement between Ram Roofing and North Star Mutual Insurance Company did not extinguish NDG's liability, because it was not a party to that agreement.

These issues present matter of state law, and because no briefing was completed through the default judgment process, the Court is going to order Ram Roofing to submit a brief in support of its request for default judgment.  The brief shall be limited to why Ram Roofing believes it is entitled to indemnification and/or contribution under Nebraska law.

7

Accordingly,

IT IS ORDERED:

1. Plaintiff North Star's motion for default judgment, Filing No. 55, is granted.  Plaintiff is awarded judgment against Defaulted Third-Party Defendant, NDG Contractor LLC, in the amount of $45,541,80.  North Star's request for prejudgment interest, costs and fees is denied.  The Court will enter a separate judgment.

2. Third-Party Plaintiff Ram Roofing's motion for default judgment, Filing No. 60, is held in abeyance subject to further briefing.  Ram Roofing's brief in support of Default Judgment is due 14 days from entry of this Order.

Dated this 9th day of June, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge